## Valentine v. Commonwealth.

(Decided June 25, 1926.)

### Appeal from Fulton Circuit Court.

1. Abduction.—In prosecution under Ky. Stats., section 1158, for unlawfully detaining a girl against her will, question of defendant's guilt held for jury.

2. Abduction.—Conviction under Ky. Stats., section 1158, for unlawfully detaining a girl against her will, held not against weight of evidence.

3. Abduction.—On issue whether prosecutrix consented to detention by defendant, evidence of specific acts of lewdness with other men is admissible.

4. Criminal Law—In Prosecution for Detention of Girl Against Her Will, Denial of New Trial for Newly Discovered Evidence of Certain Specific Acts of Lewdness by Prosecutrix with Other Men at Different Times Held Reversible Error (Ky. Stats., Section 1158). —In prosecution under Ky. Stats., section 1158, for unlawfully detaining a girl against her will, denial of new trial for newly discovered evidence of certain specific acts of lewdness on part of prosecutrix with other men at different times and on different occasions held reversible error, where there was no lack of diligence in failing to produce such evidence.

5. Criminal Law.—Jury may believe all or only part of either Commonwealth's or defendant's proof.

HERSCHEL T. SMITH for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

Appellant, having been convicted of the offense denounced by section 1158 of the statutes, brings this appeal. He relies on but two grounds for reversal. The first of these is that the verdict is flagrantly against the evidence. According to the prosecutrix, who is about 19 years old, she was on her way home in Fulton, Kentucky, from work about 5:30 or 6 o'clock on Tuesday evening, January 13, 1925, when she met appellant, who was passing by in his new automobile. She had known the appellant, who is 37 years old and the father of six children, since she was a little girl. She was a frequent visitor at his house and was most friendly with his eldest daughter, who was about her age. Appellant stopped his car and invited the prosecutrix to take a ride. She declined and continued on her way down the street. She had scarcely gone a block when she was overtaken by appellant who again invited her to take a ride. Again did she refuse. Appellant then drove around the block and for the third time stopped her and asked her to go riding with him into the country, promising her $5.00 if she would do so. For the third time the prosecutrix refused. As she was nearing her home on the outskirts of Fulton, appellant drove by and stopped her for the last time and on her refusal again to get into the car he grabbed her in the effort to pull her into the automobile. She broke loose and ran home crying. As she entered her home appellant passed by in his car calling out to her: "I will get you some time." The prosecutrix had been at home but a few minutes when she was summoned by a neighbor to the latter's telephone. On arriving there she recognized appellant's voice over the wire again soliciting her to go riding. Thereupon she had him arrested. She is corroborated by her sister as to appellant passing by the house and calling out to her and by the neighbor as to being called to the telephone, although this neighbor does not know who it was that wanted the prosecutrix on the phone.

The appellant admitted meeting the prosecutrix on the streets of Fulton and asking her one time to ride, but says that as he had known her and her family for a long time, and, as he was going her way, he offered to take her home as a neighborly kindness. He says she declined because she had to stop in some store before going home. Appellant testified that he then went on to his own home. He denied flatly ever having seen the prosecutrix any more that evening or having called her up over the telephone. From this *resume* of the testimony it is obvious that this case was one for the jury and that its verdict is not flagrantly against the evidence.

The other ground for reversal is the refusal of the trial court to grant appellant the new trial he asked for because of material evidence discovered by him after the trial. Due excuse is shown by him why this evidence was not produced at the trial. The newly discovered witnesses were heard orally before the court as to what they would testify to on the new trial if granted. In substance, these witnesses detailed certain specific acts of lewdness on the part of the prosecutrix with other men on different times and under different circumstances. The prosecutrix took the stand on this hearing and denied them. But the question, of course, is whether the evidence of the witnesses offered by appellant is competent and if heard by the jury might be believed by it and turn the scale in appellant's favor.

It is well settled that on prosecutions like that before us, on the issue whether or not the prosecutrix consented to the detention or intercourse, evidence of specific acts of lewdness with other men is admissible. Gravitt v. Commonwealth, 184 Ky. 429, 212 S. W. 430; Stewart v. Commonwealth, 141 Ky. 522, 133 S. W. 202; Brown v. Commonwealth, 102 Ky. 227, 43 S. W. 214. The theory is that a woman guilty of such acts of lewdness most probably consented on the occasion under inquiry and such evidence tends to establish that consent. The Commonwealth concedes that the rule is as stated but insists that in each of the cases above cited, the only issue was whether or not the prosecutrix consented, whereas, in this case, the only issue was whether or not the appellant detained the prosecutrix. It is true that in the Gravitt case, the defendant admitted the effort to have intercourse and attempted to excuse it on the ground that the woman consented, and that in the Brown case the opinion reads: "On the defendant's trial for rape, his defense

(was) that carnal knowledge of the prosecutrix was had by him with her consent." The Stewart case, the original record of which we have read, however goes further than these two cases. In this Stewart case, the defendant pleaded not guilty but offered no testimony. By his plea of not guilty, Stewart put on the Commonwealth the burden of proving every element of the offense for which it had indicted him, and that required it to prove both the detention and that it was against the will of the prosecutrix. Thus both the detention and the consent of the prosecutrix were in issue. We held the evidence offered by way of cross-examination of the Commonwealth's witnesses to show specific acts of lewdness on the part of the prosecutrix should have been admitted. We do not see how this Stewart case may be distinguished in principle from that before us. The Commonwealth says that in the Stewart case the evidence was offered during the trial, whereas, here, it comes by way of an effort to get a new trial after appellant had tried to establish the absence of any detention on the original trial and so eliminated the question of consent. The fallacy of this reasoning lies here: The Commonwealth must always prove every element of the offense it is prosecuting beyond a reasonable doubt, and the defendant is entitled to produce any competent evidence which may defeat the Commonwealth in that effort. By his plea of not guilty, appellant put in issue every element of the offense. While it may be true that a defendant may not, after trial, seek a new trial in order to set up an affirmative defense which is not consistent with his defense at the trial, a point we need not here decide, it is a very different thing to say that he may not after trial seek a new one because he has discovered, through no original lack of diligence, evidence which tends to disprove the Commonwealth's side of the case. A jury is supposed to try the case on all the evidence. It may believe all or only part of the Commonwealth's proof and the same of the defendant's proof. It may believe part of each. By its verdict, the jury in this case showed that it did not believe appellant when he said he did not detain the prosecutrix. Had the evidence, which appellant has newly discovered, been before the jury, it might not have believed that part of the Commonwealth's proof which said that this detention was against the will of the prosecutrix. The Commonwealth had to prove both elements and if the jury thought the detention was with consent, they would have had to

acquit the appellant. Therefore, although the appellant centered his efforts in the original trial on that part of the Commonwealth's case bearing on detention, he would have been entitled, under the Stewart case, had he then had the evidence at hand, to make an attack on the other part of the Commonwealth's case bearing on consent. That he did not find this evidence until after the trial ought not to preclude him from having its benefit, if his failure to originally produce it was through no lack of diligence on his part, as is the case here.

We have carefully read the testimony of the newly discovered witnesses heard orally by the trial court and are convinced that it is of such effect as to be most material to appellant. If it be believed by the jury, whose province it is to believe or disbelieve it, it will most probably have a decisive effect on the case. It results therefore that the trial court erred in refusing to grant the appellant a new trial on this ground. Its judgment is therefore reversed, with instructions to grant the appellant a new trial consistent with this opinion.

Judgment reversed.

Whole court sitting.