Charlie HOLLAND, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 29, 1954.

A. E. Cornett, Hyden, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

The appellant, Charlie Holland, was convicted of common law rape and sentenced to ten years imprisonment. Both he and the girl were 17 years old at the time. There is no need to spread of record here the details of the day. It is sufficient to say that both parties testified to three separate acts of intercourse. He insisted there was full and free consent on her part. She testified fear and force were imposed upon her.

The circumstances recited by the girl and the corroborative evidence tend to support the appellant's contention that the case falls within the class of cases in which, it is held that a verdict of guilt of rape will be deemed unsupported by the proof. where the evidence as to the necessary element of force or threatened violence to overcome resistance is so incredible or improbable or so at variance with natural laws or common human experience as to be patently untrue. This rests upon the appellate court's conclusion that the conviction was the result of passion and prejudice and was not based upon evidence having the quality of legal proof. Muncey v. Commonwealth, 245 Ky. 664, 54 S.W.2d 46; Carter v. Commonwealth, 245 Ky. 257, 53 S.W.2d 521; Weinel v. Commonwealth, 302 Ky. 742, 196 S.W.2d 375. Cases of this kind are so easily charged and difficult to disprove and often create such indignation on the part of jurors and courts, great care is required in their trial and review. However, the condition of the girl and circumstances which occurred toward the end of the day, when she was picked up by officers while walking along the highway, tend to support her story of threats and

**460**

violence. Since the evidence may be different on another trial, we withhold a decision on the point. Reversal of the judgment must be ordered upon another ground.

 The girl's testimony of a repetition of the acts with the accused that afternoon was admissible, as the court admonished the jury in effect, as corroborative of testimony touching the specific act relied upon by the Commonwealth for a conviction, and to show a lustful disposition. McCreary v. Commonwealth, 163 Ky. 206, 173 S.W. 351; Williams v. Commonwealth, 277 Ky. 227, 126 S.W.2d 131; Grigsby v. Commonwealth, 299 Ky. 721, 187 S.W.2d 259, 159 A.L.R. 196; Wharton's Criminal Evidence, 11th Ed., Sec. 356; Annotation 167 A.L.R. 565, 593. The testimony was also competent as indicative of the probability of consent. Valentine v. Commonwealth, 215 Ky. 436, 284 S.W. 1114; Adams v. Commonwealth, 219 Ky. 711, 294 S.W. 151.

A physician, who made a physical examination of the girl that day, testified that her clothing was mussed and soiled; that there were scratches on her legs both above and below the knees and bruises and slight lacerations of her person. This and other evidence describing the appearance and condition of the person and clothing of the prosecutrix soon after the alleged offense was admissible to prove corpus delicti. McPerkin v. Commonwealth, 236 Ky. 528, 33 S.W.2d 622; 75 C.J.S., Rape, §§ 72a, 75.

The court further admitted the doctor's opinion that the sexual intercourse in which the girl had recently engaged "probably had been forced." Under the particular facts of some cases it may be competent for a physician, as an expert, to express an opinion on certain phases of the crime of rape, perhaps including that of the use of force. But the instant opinion that the girl had been ravaged, i. e. that the intercourse had been consummated without the girl's consent, was inadmissible. That was the very question and the only question the jury was called upon to determine from the facts related by the witnesses, including the facts related by the doctor.

The court sustained an objection to questions asked the prosecutrix as to having had intercourse with two other boys right after the last copulation with the accused. Out of the hearing of the jury, as an avowal, she told the court she had but it was without her consent. Although testimony of voluntary sexual relations between the prosecutrix and men other than the defendant prior to the alleged offense is generally competent, subsequent relations are not admissible. Sanders v. Commonwealth, Ky., 269 S.W.2d 208. But having admitted testimony of the doctor as to the girl's physical condition, we think the proffered evidence was competent. It may have helped to explain the injuries described by the doctor.

The judgment is reversed.