**Jasper Milton LOWERY, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

Supreme Court of Kentucky.

May 2, 1978.

Rehearing Denied July 3, 1978.

Henry E. Hughes, Tackett, Hughes & Roney, Lexington, for appellant.

Robert F. Stephens, Atty. Gen., Carl Miller, Asst. Atty. Gen., Frankfort, for appellee.

LUKOWSKY, Justice.

Lowery was indicted and tried in the Fayette Circuit Court for the crime of murder. He claimed self-defense. The jury was unimpressed. It found him guilty and fixed his punishment at life imprisonment. Being understandably discontented with that prospect, he appeals. We affirm.

The sole question presented by this appeal is whether a prior consistent statement may be used by the prosecution to rehabilitate the testimony of a witness after the defense established on cross-examination that shortly before taking the stand the witness had been drinking and had been locked up for being drunk.

Neither domestic nor foreign cases provide us with an answer. Anno: Corroboration—Consistent Statements, 75 A.L.R.2d 928, supplementing 140 A.L.R. 37. We are left to reason it out for ourselves.

Evidence of the present lack of sobriety of a witness is undoubtedly admissible. It tends to discredit his testimony because it involves a diminution of his trustworthiness in respect to his present ability to recollect and communicate. Wigmore's Code of Evidence, Rule 112 (1942). Once the present ability of the witness to recollect and communicate is discredited, consistent statements made before the onset of the malady become relevant and probative. They tend to support the accuracy of the testimony by showing that the story was the same before the fogging of the memory and the thickening of the tongue. Cf. *Alexander v. Commonwealth,* Ky., 463 S.W.2d 334 (1971); *Preston v. Commonwealth,* Ky., 406 S.W.2d 398 (1966).

The result we reach here is in line with that which would be compelled by Rule 801(d)(1)(B) of both the Federal Rules of Evidence and the Uniform Rules of Evidence which provide:

". . . A statement is not hearsay if— . . . The declarant testifies at the trial or hearing and is subject to cross examination concerning the statement, and the statement is . . . consistent with his testimony and is offered to rebut an express or implied charge against him of . . . improper influence . . ."

The influence of alcohol is as improper on the stand as it is behind the wheel. Its evil effects are subject to inquiry and evaluation.

The judgment is affirmed.

All concur.