**Kenneth CAUDILL, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 89–SC–0088–MR.**

Supreme Court of Kentucky.

Oct. 19, 1989.

---

William M. Radigan, Walker & Radigan, Louisville, for appellant.

Frederic J. Cowan, Atty. Gen., Perry T. Ryan, Asst. Atty. Gen., Criminal Appellate Div., Frankfort, for appellee.

LAMBERT, Justice.

Kenneth Caudill was convicted in the Floyd Circuit Court of Sodomy in the First Degree and sentenced to twenty years imprisonment. He appeals from the judgment as a matter of right.

Appellant had been married to the victim's mother, Barbara Caudill, for almost six years when she summoned the police to the apartment the couple shared with Mrs. Caudill's daughter and the Caudills' two sons. Mrs. Caudill testified that she told the Prestonsburg Police Department dispatcher she believed appellant was hurting her daughter. Upon their arrival at the scene, the police officers learned that Mrs. Caudill suspected appellant was at that time sexually abusing her twelve-year-old daughter inside the apartment.

Captain Hall testified that before entering the dwelling, he shined his flashlight through the back screen door and observed appellant standing in the kitchen naked. Appellant turned and ran out of view. Captain Hall and another officer then entered the apartment and located appellant in the bedroom pulling up his pants. The victim was in bed and partially dressed. The officers placed appellant under arrest.

After being found competent as a witness, the victim testified that on the night of appellant's arrest, he had told her to remove her clothes, and he then proceeded to touch her genitals with his mouth and his hand. The victim said that appellant threatened to shoot her and her mother and brothers if she refused to cooperate. She stated that she was afraid of appellant. There was testimony that appellant had been abusing the victim for about one year, although neither Mrs. Caudill who admitted to being aware of the events, nor the victim, reported these incidents to anyone.

Appellant contends the trial court denied his right to cross-examine witnesses against him in violation of Section 11 of the Kentucky Constitution and the Sixth Amendment to the United States Constitution. He complains because the trial judge sustained the Commonwealth Attorney's objection to a line of questions the defense was pursuing in examining the victim's mother concerning her pending divorce from appellant and her dating another man. The court found the questions irrelevant to the case.

Appellant claims the questions he intended to ask Mrs. Caudill could have revealed her motivation in suddenly reporting the crime after a year of abuse; that she simply desired to get appellant "out of the way" because she had become interested in another man. Citing *Williams v. Commonwealth*, Ky., 569 S.W.2d 139 (1978), appellant accurately ·observes "that the right to cross-examine a witness to impeach his credibility or show motive or prejudice is fundamental to a fair trial." *Id.* at 145. The United States Supreme Court has elaborated upon the Sixth Amendment protection in a long line of cases most recently reviewed in *Olden v. Kentucky*, —— U.S. ——, 109 S.Ct. 480, 102 L.Ed.2d 513 (1988).

"[A] criminal defendant states a violation of the Confrontation Clause by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness, and thereby 'to expose to the jury the facts from which jurors ... could appropriate-

ly draw inferences relating to the reliability of the witness.'" *Delaware v. Van Arsdall,* 475 U.S. 673, 680, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986) (reference omitted).

Cognizant as this Court is of the fundamental importance of the constitutional right to confront one's accusers, we are not convinced that appellant was prejudiced by any error that may have occurred.

■ The following colloquy at the end of defense counsel's cross-examination of prosecution witness Barbara Caudill forms the basis for appellant's allegation of error.

"QUESTION: Okay, and you divorced Kenneth Caudill, is that correct?

ANSWER: The divorce is in process, yes.

QUESTION: Are you dating anybody now?

ANSWER: Yes, I am.

QUESTION: Who would that be?

COMMONWEALTH'S ATTORNEY: That is not relevant.

BY THE COURT: That is not relevant to this case."

It may be that the inquiry undertaken would have been relevant to the witnesses' motive to fabricate the accusation against appellant. However, after the Commonwealth's objection was sustained, appellant did not request the examination be conducted outside the presence of the jury and offer the testimony by avowal under RCr 9.52. In *Cain v. Commonwealth,* Ky., 554 S.W.2d 369 (1977), we rejected a similar claim of error because "without an avowal to show what a witness would have said an appellate court has no basis for determining whether an error in excluding his proffered testimony was prejudicial." *Id.* at 375.

■ However, even if we speculate that defense counsel could have established Mrs. Caudill's bias against appellant, we cannot say this testimony would have affected the outcome of the case. In *Delaware v. Van Arsdall, supra,* the United States Supreme Court adopted the harmless error analysis for Confrontation Clause errors.

"The correct inquiry is whether, assuming that the damaging potential of the cross-examination were fully realized, a reviewing court might nonetheless say the error was harmless beyond a reasonable doubt. Whether such an error is harmless in a particular case depends on a host of factors, all readily accessible to reviewing courts. These factors include the importance of the witness's testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case." *Id.,* 475 U.S. at 684, 106 S.Ct. at 1438.

In view of these considerations we note that while a mother's testimony may be critical in a child sex abuse case, here the victim was a competent witness who took the stand to tell her story. One of the arresting officers testified to the highly incriminating circumstances under which appellant was taken into custody. Appellant did not deny the act, but asserted a defense of consent, which the jury was free to reject with or without evidence of Mrs. Caudill's alleged bias.

Having presented only one claim of error, and that claim having been unpreserved, but nevertheless harmless, appellant's conviction is affirmed.

All concur.