Tommy BUSSEY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 90–SC–05–DG.

Supreme Court of Kentucky.

Oct. 18, 1990.

Richard Meena, Jr., Louisville, for appellant.

Frederic J. Cowan, Atty. Gen., Perry T. Ryan, Asst. Atty. Gen., Frankfort, for appellee.

LAMBERT, Justice.

This Court granted discretionary review of the opinion of the Court of Appeals which affirmed appellant's conviction of sexual abuse in the first degree. In the trial court appellant was sentenced to three years imprisonment. Six issues are presented for our review.

■■■ Appellant was convicted of sexually abusing a profoundly retarded, obese, fifty-year-old man. According to the victim, as appellant and his brother, Clifford Bussey, drove down a street in Shelbyville, the victim, a man whom they knew, called to them and asked for a ride. The Bussey brothers stopped and the victim entered the vehicle and sat in the right front seat, with appellant's brother driving and appellant riding in the back seat. The victim requested that he be taken to the fairgrounds, but the party did not go directly there. Instead, according to the victim, while they were riding along, appellant reached from the back seat between the passenger's seat and the right front door, unfastened the victim's trousers, partially removed his trousers and underclothes, fondled his genitals, and placed his finger inside the victim's rectum and left it there for ten minutes. Thereafter, the victim was taken to the main gate of the fairgrounds where he was released.

After leaving the fairgrounds and returning home, the victim told his mother what had happened and she contacted the local police.

At the outset, appellant contends he was entitled to a directed verdict and that the trial court erred in failing to sustain his motion. For this contention appellant relies upon the fact that the victim was severely retarded, a physically mature and strong adult, and that the victim's account of the encounter is inherently improbable. In addition to *Commonwealth v. Sawhill*, Ky., 660 S.W.2d 3 (1983), this Court's decision which defines the accepted standard for entitlement to a directed verdict, appellant relies on *Holland v. Commonwealth*, Ky., 272 S.W.2d 458 (1954), and analogizes this case to cases involving the sexual abuse of small children. In *Holland*, this Court said, "[If] circumstances ... [are] so incredible or improbable or so at variance with natural laws or common human experience as to be patently untrue," a directed verdict should be given. "This rests upon the appellate court's conclusion that the conviction was the result of passion and prejudice and was not based upon evidence having the quality of legal proof." *Id.* at 459.

While appellant insists that no reasonable juror could have believed the story told by the victim, we believe otherwise. We acknowledge the improbability of some of the details of the victim's version of the story, but the jury could have reasonably concluded that despite the improbability of every detail related by the victim, an act of sexual abuse occurred. In other words, to survive a motion for directed verdict, it is not necessary that every fact related by the victim be reasonable and probable. It is sufficient if the victim's testimony taken as a whole could induce a reasonable belief by the jury that the crime occurred.

Appellant next contends that the trial court erred to his substantial prejudice by admitting the hearsay testimony of four police officers. During the Commonwealth's case in chief, Officers Shirley, Scott, Schiller and Mullhull were permitted to repeat the victim's version of what transpired. The Commonwealth argues that this testimony was properly admitted because the victim's credibility had been attacked during cross-examination. According to this theory, anytime the credibility of a witness is attacked, hearsay evidence which tends to corroborate the witness's story becomes admissible. This view of the law is much too expansive.

■■■ The rule which permits rehabilitation of a witness is limited to those circumstances in which the credibility of the witness is attacked on the basis of a prior inconsistent statement, recent fabrication, improper influence, or some circumstance

which impairs his present ability to recall and narrate the event. *Eubank v. Commonwealth*, 210 Ky. 150, 275 S.W. 630 (1925), and *Reed v. Commonwealth*, Ky., 738 S.W.2d 818 (1987). The Commonwealth's reliance on *Lowery v. Commonwealth*, Ky., 566 S.W.2d 750 (1978), is misplaced. In that case, the witness was impeached by evidence that he had been drinking alcohol shortly before his testimony. In view of this circumstance, the court permitted rehabilitation of the witness by proof that he had earlier told a story consistent with his testimony at trial. The prior consistent statement was permitted because it disclosed that the story was the same as before the "onset of the malady."

■ Nothing contained in the facts presented here permits such a result. There was no contention of recent fabrication nor was there any evidence that the victim's mental condition had become diminished in the period between the occurrence of the crime and trial. He was cross-examined on the basis of the improbability of his story, his understanding of the difference between truth and falsity, and cross-examination generally was directed toward persuading the jury that it should not believe the victim's testimony. Merely challenging the truthfulness of a witness's testimony does not open the door to a parade of witnesses who repeat the witness's story as told to them. The law of Kentucky is well stated in *Eubank v. Commonwealth, supra*, as follows:

"As a general rule, a witness cannot be corroborated by proof that on previous occasions he has made the same statements as those made in his testimony. Where, however, a witness has been assailed on the ground that his story is a recent fabrication, or that he has some motive for testifying falsely, proof that he gave a similar account of the matter when the motive did not exist, before the effect of such an account could be foreseen, or when the motive or interest would have induced a different statement, is admissible." *Id.* at 275 S.W. 633.

■ This case well illustrates the reason for the foregoing rule. The only witnesses to the occurrence of this crime were appellant and the Bussey brothers. To arrive at a conviction, it was necessary for the jury to believe the victim and disbelieve appellant. As such, the jury was required to determine the credibility of all fact witnesses. This process was flawed when four law enforcement witnesses were permitted to bolster the victim's testimony by repeating what he had told them. Accordingly, we must reverse the conviction.

■ Despite a finding by the trial court that the victim was severely retarded, it nevertheless permitted him to testify. While this presents a close question of law, we must accord great deference to the trial judge's determination of competency. *Strong v. Abner*, 268 Ky. 502, 105 S.W.2d 599 (1937). See R. Lawson, *The Kentucky Evidence Law Handbook*, § 3.05(A). Accordingly, there was no error in this ruling.

Appellant next contends that the trial court erred to his prejudice by permitting Officer Shirley to testify as to an inadmissible conclusion. The Commonwealth contends this issue is unpreserved for our review, but we believe the objection was properly brought to the attention of the trial court and that the trial court overruled the objection, albeit in ambiguous terms.

■ On direct examination, Officer Shirley was asked whether he had come to a conclusion that the victim had been taken against his will to the scene where the sexual abuse occurred. He answered, "Yes. I came to the conclusion that there had to have been some type of misconduct or I would not have received a complaint." Officer Shirley then explained that departmental policy required him to report his findings to a captain to continue with an investigation.

There is little doubt that Officer Shirley's statement amounted to a declaration that he believed the story told by the victim. In a number of cases, this has been held reversible error. *Nugent v. Commonwealth*, Ky., 639 S.W.2d 761 (1982), *Koester v. Commonwealth*, Ky., 449 S.W.2d 213

(1969), *Deverell v. Commonwealth*, Ky., 539 S.W.2d 301 (1976).

This issue presents once again what appears to be a nearly perpetual source of confusion, the so-called "investigative hearsay exception" to the hearsay rule. We thought this confusion was laid to rest in *Sanborn v. Commonwealth*, Ky., 754 S.W.2d 534, 541 (1988), wherein we said:

"Prosecutors should, once and for all, abandon the term 'investigative hearsay' as a misnomer, an oxymoron. The rule is that a police officer may testify about information furnished to him only where it tends to explain the action that was taken by the police officer as a result of this information *and* and taking of that action is an issue in the case. Such information is then admissible, not to prove the facts told to the police officer, but only to prove why the police officer then acted as he did. It is admissible *only if* there is an issue about the police officer's action."

In this case, the police officer testified that he believed the victim's report of the incident and determined on this basis to initiate further investigation by telling his captain. While the police officer's belief may in part explain why he reported the event to his superior, his taking of that action was not an issue in the case as required by the decision in *Sanborn*.

This Court has firmly rejected the admission of hearsay evidence under the so-called "investigative hearsay exception." Trial courts and counsel should understand that such evidence is no less hearsay because it comes from a police officer and that any conviction obtained through the use of such evidence is in jeopardy of reversal. Prejudicial error having been shown, we reverse on this issue.

We have examined appellant's remaining claims of error and found them to be without merit, harmless, or unlikely to recur upon retrial.

For the foregoing reasons, the judgment of the trial court is reversed and this cause remanded for further proceedings consistent herewith.

STEPHENS, C.J., and GANT, LEIBSON and VANCE, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion.

COMBS, J., not sitting.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from the majority opinion because it was not reversible error for the trial court to permit the officers to testify regarding the reports by the victim of alleged abuse, and it was not reversible error at the time of this trial to allow the police officer to testify about the steps he proceeded to take in regard to the complaint.

It was not reversible error when the trial court allowed the officers to testify regarding the reports by the victim of alleged abuse. The defense had clearly placed the credibility in issue and the testimony of the officers was proper rebuttal.

At trial, the victim, a retarded man, was subject to serious attack as to his credibility. The trial judge and the Commonwealth Attorney recognized that fact and the trial judge permitted the testimony of the officers because the credibility of the victim as a witness had been challenged. The trial judge admonished the jury in that respect. A similar situation was recognized in *Lowery v. Commonwealth*, Ky., 566 S.W.2d 750 (1978) and *Summitt v. Commonwealth*, Ky., 550 S.W.2d 548 (1977) as to credibility, *cf.* Federal Rule 801(d)(1)(B) and as to prior statements by a witness in *Preston v. Commonwealth*, Ky., 406 S.W.2d 398 (1966) and *Alexander v. Commonwealth*, Ky., 463 S.W.2d 334 (1971).

It was also not reversible error for the trial judge to admit the testimony of the officer to explain the reasoning he used as to what steps he proceeded to take in regard to the complaint. Initially, it must be observed that the argument of Bussey is not properly preserved for appellate review. My examination of the record does not indicate that there was any objection to the specific statement now complained of. If Bussey had objected to the particular answer, the trial court could have admon-

ished the jury at the time. Bussey did not object and did not request an admonition. Therefore, the issue is not properly preserved for appellate review. RCr 9.22.

Even if you accept the view of the majority in this particular situation, the claim of error was totally harmless and nonprejudicial. An examination of the record indicates that the trial court carefully considered the defendant's earlier objections and ruled that the witness could not testify as to the conclusions relating to innocence or guilt. The statement by the police officer may have been unfortunate, but it was simply given as a preface as to why the officer proceeded to pursue the charge as he did. This case was tried in 1987 and at that time an officer could testify as he did about a complaint insofar as it related to the investigation be later conducted. *Manz v. Commonwealth,* Ky., 257 S.W.2d 581 (1953); *See Stallard v. Commonwealth,* Ky., 432 S.W.2d 401 (1968). In 1988, a majority of this Court in *Sanborn v. Commonwealth,* Ky., 754 S.W.2d 534 (1988) concluded that an officer could testify about information furnished to him *only* when it explained the action that was taken and that the action was at issue in the case. If there is a newly promulgated nuance to the case law, the police officer in 1986 and the trial judge in 1987 had no possible insight as to why the court would extend the rule as it did in 1988. In any event, it is clear that in this particular situation where the credibility of a sole prosecuting witness is under severe challenge, the candid and spontaneous explanation by the police officer as to why he took the actions he did should be welcomed by this Court rather than rejected.

Considering the entire case as a whole, there is no substantial possibility that the result would be any different and the alleged errors are totally harmless. The outcome of this case will not be any different upon an ultimate retrial. *Abernathy v. Commonwealth,* Ky., 439 S.W.2d 949 (1969).

Even in the retrospect of 1989, the decision of the Court of Appeals was correct and I would affirm it as well as affirm the judgment of the jury and trial court.