# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: OCTOBER 29,2020
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2019-SC-0173-MR

ROBERT PROFFITT                                                      APPELLANT

ON APPEAL FROM LAUREL CIRCUIT COURT
V.            HONORABLE GREGORY ALLEN LAY, JUDGE
NO. 17-CR-00315

COMMONWEALTH OF KENTUCKY                                          APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING**

A circuit court jury convicted Robert Proffitt of two counts of first-degree rape and fixed punishment at twenty years' confinement on each count to run consecutively. Proffitt now appeals from the resulting judgment,[1] arguing that the trial court erred by refusing to grant his motion for directed verdict of acquittal on the two rape charges because the evidence presented at trial was insufficient for a reasonable jury to have convicted him. Finding that the trial court did not err in its ruling, we affirm the judgment.

## I. BACKGROUND

The grand jury indicted Proffitt on four counts of first-degree rape (victim under 12 years old) and two counts of first-degree sexual abuse (victim under

---

[1] Ky. Const. § 110(2)(b).0

1

12 years old), all perpetrated against the same female victim, 7-10-year-old J.J., between March 2015 and August 2017.

At trial, the Commonwealth introduced evidence aiming to prove all six counts of the indictment. At the close of the Commonwealth's case-in-chief, Proffitt moved for a directed verdict of acquittal on all counts. The trial court granted that motion, in part, directing a verdict of acquittal on two counts of rape and one count of sexual abuse. The trial then proceeded on the remaining charges: two counts of first-degree rape and one count of first-degree sexual abuse.

At the close of all the evidence, Proffitt renewed his motion for a directed verdict on the remaining counts, but the trial court denied it. The trial court then instructed the jury on two counts of first-degree rape and one count of first-degree sexual abuse. The jury convicted Proffitt of the rape charges and acquitted him of sexual abuse. The jury recommended two consecutive 20-year sentences for the rape convictions, and the trial court entered judgment accordingly.

## II. ANALYSIS

Proffitt's sole issue in this appeal is whether the trial court erred by failing to direct a verdict of acquittal on all the rape charges. Essentially, his argument can be summarized this way: because of his testimony about his own physical weakness and tremor caused by a stroke he suffered in the 1980s and his self-described erectile dysfunction caused by medication, a reasonable jury could not have convicted him of rape on the strength of evidence coming principally from the inconsistent testimony of the then-eleven-year-old J.J. and her younger playmate, K.W.

2

## A. Standard of Review.

We approach Proffitt's issue with the familiar rule of *Commonwealth v. Benham* firmly in mind:

> On motion for directed verdict, the trial court must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty, a directed verdict should not be given. For the purpose of ruling on the motion, the trial court must assume that the evidence for the Commonwealth is true but reserving to the jury questions as to the credibility and weight to be given to such testimony.[2]

Questions about the credibility and weight to be given to any witness's testimony must be left for the jury to decide.[3] "On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal."[4]

## B. The Evidence as a Whole Supports Submission of the Case to the Jury.

Evidence at trial established that Proffitt, a man in his late 60s who exhibited at trial a noticeable tremor and speech disorder, lived in a trailer located "up the hill" and within shouting distance of J.J.'s home where she lived with her mother and her mother's boyfriend, who is Proffitt's son. J.J. was friends with Proffitt's young grandson, A., who lived with Proffitt and his wife. And J.J. and A. were nearly constant companions.

---

[2] 816 S.W.2d 186, 187 (Ky. 1991).

[3] *Id.*

[4] *Id.* (citing *Commonwealth v. Sawhill,* 660 S.W.2d 3 (Ky. 1983)).

J.J. testified that Proffitt put his penis into her vagina on multiple occasions. But she also testified about two distinct instances of sexual intercourse during the relevant times charged in the indictment: the first occurred "in or around" Proffitt's truck when K.W., her friend, was nearby, and the second occurred in the bathroom of Proffitt's trailer.

According to the Commonwealth's evidence, on the first-described occasion, J.J. and her friend, K.W. were outside playing in the area between her home and Proffitt's trailer when Proffitt beckoned them to come up the hill. While beside Proffitt's truck, Proffitt pulled J.J.'s shorts down and put his penis "in [her] vagina" for about a minute. He asked her if she liked it, and she responded "yes" because she was afraid of making him mad. K.W. ran away when Proffitt started doing this to J.J.

On the second-described occasion, J.J., while outside playing with A., went inside Proffitt's trailer to use the bathroom. She found Proffitt in the bathroom. When he exited, she entered. While she was in the bathroom, Proffitt reentered the bathroom and instructed her to pull down her pants. He "shoved his penis in [her]." This incident lasted about a minute, and when it was over, she went back outside to play.

It was K.W. who informed a teacher that J.J. had been raped. The teacher alerted authorities. The Department of Community Based Services investigated as did the Kentucky State Police and the Cumberland Valley Child Advocacy Center.

Dr. Eddie Perkins, a medical doctor who is board certified in obstetrics and gynecology, testified as a witness for the Commonwealth. Dr. Perkins

4

performed a physical examination of J.J. at the insistence of the child advocacy center. He told the jury that based upon the physical examination he conducted, J.J.'s hymen showed tissue damage most likely caused by the insertion of some object that could have been a human penis. On cross-examination, Dr. Perkins acknowledged other objects inserted into the vagina or other external forces such as a sports injury could also have caused this damage to the hymen, but the findings on physical examination were consistent with the disclosure made by J.J. and there were no other external factors present in J.J.'s history.

Testifying in his own defense, Proffitt denied that he raped J.J. He suggested that J.J. was lying because he stopped giving her mother money. Proffitt also asserted at trial that he was variously disabled by the debilitating effects of a stroke and incapable of obtaining an erection because of medications he was taking at the time. The Commonwealth countered that Proffitt offered no medical evidence to the jury to confirm that he was incapable of performing the physical acts as alleged by the prosecution. The Commonwealth argues now, as it did at trial, that Proffitt's physical ability to commit the acts alleged was a question for the jury to decide. We agree.

The Commonwealth cites to us *Commonwealth v. Cox*[5] in which the defendant was convicted at trial of five counts of rape, but the judgment of conviction was reversed by the Court of Appeals, which held that the trial court should have directed a verdict of acquittal. Reversing the Court of Appeals and

---

[5] 837 S.W.2d 898 (Ky. 1992).

reinstating the judgment, we acknowledged the presence in the record of inconsistencies in the victim's testimony and prior statements made to treating and examining physicians. But we held that, "The record in the instant case . . . reveals no behavior of the prosecutrix that is inconsistent with the rules of 'ordinary behavior,' considering the alleged sexual abuse."[6] "[I]t is within the purview of the jury," we wrote, "to determine the credibility and weight of her testimony."[7]

The *Cox* court cited with approval *Bussey v. Commonwealth*[8] in which we stated:

> While appellant insists that no reasonable juror could have believed the story told by the victim, we believe otherwise. We acknowledge the improbability of some of the details of the victim's version of the story, but the jury could have reasonably concluded that despite the improbability of every detail related by the victim, an act of sexual abuse occurred. In other words, to survive a motion for directed verdict, it is not necessary that every fact related by the victim be reasonable and probable. It is sufficient if the victim's testimony taken as a whole could induce a reasonable belief by the jury that the crime occurred.[9]

We find the approach taken by the Court in *Cox* and *Bussey* applicable to our consideration here. Based on all the evidence presented at trial, we conclude that despite the inconsistencies in the proof it would not be clearly unreasonable for a jury to find Proffitt guilty of two counts of first-degree rape. The trial court did not err when it denied his motion for a directed verdict of acquittal and properly submitted the case to the jury.

---

[6] *Id.* at 900.

[7] *Id.*

[8] 797 S.W.2d 483 (Ky. 1990).

[9] *Id.* at 484.

The judgment is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Karen Shuff Maurer
Assistant Public Advocate

COUNSEL FOR APPELLEE:

Daniel Jay Cameron
Attorney General of Kentucky

James Patrick Judge
Assistant Attorney General