RENDERED: NOVEMBER 17, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0006-MR

AARON M. EASTHAM, II            APPELLANT

APPEAL FROM GREENUP CIRCUIT COURT
v.     HONORABLE BRIAN CHRISTOPHER MCCLOUD, JUDGE
ACTION NO. 18-CR-00162

COMMONWEALTH OF KENTUCKY          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, JONES, AND MCNEILL, JUDGES.

COMBS, JUDGE: Appellant, Aaron Eastham, II (Eastham), was convicted of first-degree sexual abuse and received a sentence of five years. He appeals as a matter of right. After our review, we affirm.

In 2018, Eastham was still a minor who was living in foster care with the family of A.M., the child-victim. On June 28, 2018, a Greenup County Grand Jury indicted Eastham and charged him with the offense of sexual abuse first

degree in violation of KRS[1] 510.110, reciting that "on or about April 2, 2018," he subjected "A.M. to sexual contact while she was incapable of consent, because she was less than twelve years of age." On that date, A.M. was six years of age and Eastham had just turned 18. The case was tried on August, 15, 2022, and a jury convicted him of sexual abuse first degree, victim under 12. Eastham was sentenced to five years.

Eastham appeals as a matter of right.

Eastham first argues that the trial court erred in denying defense counsel's motions for a directed verdict of acquittal on the charge of first-degree sexual abuse because there was insufficient evidence of sexual contact. At the close of the Commonwealth's case, defense counsel moved for a directed verdict of acquittal on the charge of first-degree sexual abuse and argued that the diagram which A.M. had used to show where Eastham touched her did not show that he had touched her in a sexual or intimate place. If a touching arguably took place, the Commonwealth did not meet its burden to show that it was done in order to satisfy a sexual desire. The trial court denied the motion. At the close of Eastham's case, defense counsel renewed the motion, which the court again denied.

> On motion for directed verdict, the trial court must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. If the evidence is sufficient to induce a reasonable juror to believe beyond

---

[1] Kentucky Revised Statutes.

a reasonable doubt that the defendant is guilty, a directed verdict should not be given. For the purpose of ruling on the motion, the trial court must assume that the evidence for the Commonwealth is true, but reserving to the jury questions as to the credibility and weight to be given to such testimony.

On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal.

*Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991).

KRS 510.110(1)(b)2. provides that "[a] person is guilty of sexual abuse in the first degree when . . . [h]e or she subjects another person to sexual contact who is incapable of consent because he or she . . . [i]s less than twelve (12) years old[.]" The applicable version of KRS 510.010(7) defines "sexual contact" as "any touching of the sexual or other intimate parts of a person done for the purpose of gratifying the sexual desire of either party[.]"

Eastham argues that "it was not enough that [his] hand merely touched the outside of A.M.'s vagina." He contends that the Commonwealth failed to provide sufficient proof from which the jury could make permissible inferences that any touching was for sexual gratification. We cannot agree. "Sexual gratification is a single element of the crime of sexual abuse in the first degree. . . . Intent can be inferred from the actions of an accused and the surrounding circumstances. The jury has wide latitude in inferring intent from the evidence."

*Tungate v. Commonwealth*, 901 S.W.2d 41, 42 (Ky. 1995) (quoting *Anastasi v. Commonwealth*, 754 S.W.2d 860, 862 (Ky. 1988)).

A.M. testified that Eastham touched "her private" with his hand inside of her clothes on the outside of her vagina. It was skin-to-skin contact. A.M. further testified that Eastham had told her that they were boyfriend and girlfriend, and that is what boyfriends and girlfriends do -- touch each other. It was not clearly unreasonable for the jury to infer and to find beyond a reasonable doubt that the touching was done was for the purpose of his sexual gratification. The trial court did not err in denying Eastham's motions for directed verdict.

Eastham's second argument is that the trial court erred when it denied defense counsel's motion for a jury instruction on the lesser-included offense of third-degree sexual abuse. KRS 510.130(1) provides that "[a] person is guilty of sexual abuse in the third degree when he or she subjects another person to sexual contact without the latter's consent." In denying the instruction, the trial court explained that the only element which is different between first- and third-degree sexual abuse is the age of the victim. First-degree sexual abuse requires the jury to find that the victim was less than 12 years of age. Eastham contends that there was no proof other than the language that the child was "of that age"; *i.e.*, less than 12 years.

On appeal, Eastham argues that there was uncertainty in the testimony about when and how old A.M. was when the touching occurred. He speculates that "that if the jury had been given another option it may have convicted on the lesser charge." However, that argument is without merit.

"A court is required to instruct a jury on all offenses that are supported by the evidence." *Clark v. Commonwealth*, 223 S.W.3d 90, 93 (Ky. 2007). In *Clark*, the defendant was charged with two counts of first-degree sexual abuse. At issue was whether it was error not to instruct the jury on the lesser offense of sexual abuse in the second degree. Our Supreme Court explained that "the line dividing the offense of first-degree sexual abuse from second-degree sexual abuse is whether the victim is under twelve years old . . . ." *Id.* It held that "second-degree sexual abuse is not a classic lesser-included offense of first-degree sexual abuse because the age of the victim at the time of the abuse is usually clear." *Id.* at 94. The Court noted the commentary in 1 WILLIAM S. COOPER AND DONALD P. CETRULO, KENTUCKY INSTRUCTIONS TO JURIES, CRIMINAL § 4.48: "that **if there is an issue** as to the age of the victim, an instruction on Second–Degree Sexual Abuse and/or Third-Degree Sexual Abuse should be given as a lesser-included offense of first-degree sexual abuse." *Clark*, 223 S.W.3d at 94, n. 7 (emphasis added) (cleaned up).

In the case before us, there is no issue as to the age of the victim. It is undisputed that A.M. was six years old when Eastham sexually abused her. The trial court did not err in denying counsel's request for a lesser-included offense instruction.

Eastham's third and final argument is that palpable error occurred when Deputy Tabor and A.M.'s mother testified about what A.M. had told them -- and defense counsel did not object contemporaneously to the testimony as impermissible hearsay.

> [Where an] issue is unpreserved for appellate review by contemporaneous objection . . . our review is governed by the palpable error standard found at Kentucky Rules of Criminal Procedure (RCr) 10.26. For an error to be palpable, it must be easily perceptible, plain, obvious and readily noticeable. A palpable error "must involve prejudice more egregious than that occurring in reversible error. A palpable error must be so grave in nature that if it were uncorrected, it would seriously affect the fairness of the proceedings. Thus, what a palpable error analysis boils down to is whether the reviewing court believes there is a substantial possibility that the result in the case would have been different without the error. If not, the error cannot be palpable.

*Brewer v. Commonwealth*, 206 S.W.3d 343, 348-49 (Ky. 2006) (cleaned up).

In seeking reversal, Eastham and relies upon *Bussey v. Commonwealth*, 797 S.W.2d 483 (Ky. 1990). In *Bussey*, our Supreme Court explained as follows:

> To arrive at a conviction, it was necessary for the jury to believe the victim and disbelieve appellant. . . . This process was flawed when four law enforcement witnesses were permitted to bolster the victim's testimony by repeating what he had told them. Accordingly, we must reverse the conviction.

In his reply brief, Eastham also relies upon *Alford v. Commonwealth*, 338 S.W.3d 240 (Ky. 2011), which holds that "[t]here is no hearsay exception for statements made by an alleged victim of sexual abuse to a police detective." *Id.* at 246. In *Alford*, the victim's "in-court and out-of-court statements [to police] were the only evidence linking Appellant to the evidence of sexual contact." *Id.*

*Bussey* and *Alford* are distinguishable from the facts of the case before us. In addition to A.M.'s testimony and the alleged hearsay issue related to it, A.M.'s mother testified that **she saw** Eastham with his hand down her daughter's pants. Moreover, Eastham admitted on body-cam video that he touched the outside of the victim's private parts. We agree with the Commonwealth that Eastham cannot establish that the result of the trial would have been different if the victim's mother and Deputy Tabor had not testified about what A.M. had told them.

Accordingly, we affirm the judgment of conviction of the Greenup Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Steven J. Buck
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky