Brian Douglas SCHAEFER, Movant,

v.

COMMONWEALTH of Kentucky,
Respondent.

Supreme Court of Kentucky.

Oct. 13, 1981.

Frank E. Haddad, Jr., Louisville, for movant.

Steven L. Beshear, Atty. Gen., Richard O. Wyatt, Asst. Atty. Gen., Frankfort, for respondent.

CLAYTON, Justice.

Brian Douglas Schaefer was convicted by a jury of bribing a witness (KRS 524.020) and sentenced to one year in prison. The Court of Appeals affirmed the judgment of the Jefferson Circuit Court. Schaefer appeals.

In March of 1977, Detective Paul Young of the Jefferson County Police Department was approached by Schaefer to discuss the arrest of Ira David Ashley, whom Schaefer represented as legal counsel on a narcotics charge. Detective Young, believing Schaefer was to attempt a bribe, contacted the Commonwealth Attorney's office and arrangements were made for the next meeting between Schaefer and Young to be recorded. When a meeting was held at Schaefer's law office, the conversation was transmitted and recorded on tape, but without issuance of a warrant. Prior to trial, the court ordered that the tape be suppressed from evidence because it lacked probative value and reliability due to its poor sound quality. Accordingly, the trial court admonished the prosecution to avoid any reference to the tape recording.

Schaefer admitted at trial that he paid Young $500 during their meeting, but defended the bribery charge under KRS 521.020(2) which excuses such a payment when it results from a public servant's extortion. The prosecution presented Young's account of the meeting in addition to the testimony of several witnesses who made direct or indirect references to the tape on five occasions. The prosecution also produced testimony from a police officer as to typical cocaine dosages and quantities over movant's objections.

We first will consider the references made to the suppressed tape during trial. It is elementary that rulings on the admissibility of evidence are within the discretion of the trial judge and must be obeyed by counsel. The Commonwealth indisputably elicited testimony referring to the tape recorded conversation of five occasions from its own witnesses despite warnings from the trial judge. This violation of the trial judge's ruling clearly constitutes error,

leaving only the question of whether the error prejudiced Schaefer's substantial rights under RCr 9.26.

Schaefer's guilt or innocence in this case can be established only by a jury's determining what was said during the meeting with Detective Young. The Commonwealth claims Schaefer offered a bribe at the meeting while Schaefer claims Detective Young extorted the money. We are of the opinion that testimony referring to the excluded tape unfairly corroborated the prosecution's case since repeated mention of the tape could have influenced the jury's determination of what transpired at the meeting. Thus, we are compelled to find under these facts a "substantial possibility" that the result at trial would have been different if the error had not been made. *Niemeyer v. Commonwealth*, Ky., 533 S.W.2d 218 (1976).

Schaefer also assigns as error the Commonwealth's questioning of a police officer concerning dosages used and quantities possessed by a typical user of cocaine. The trial judge overruled Schaefer's objection to this line of questioning thinking that its relevancy eventually would become apparent. We fail to see the relevancy of the questions after examining the record, and view the questioning as error.

The mere asking of an isolated, improper question is not automatic grounds for reversal. However, where the improper questioning is persistent and prejudicial it is more difficult to disregard the impropriety. *Bowler v. Commonwealth*, Ky., 558 S.W.2d 169 (1977). Schaefer was on trial for bribing a prosecution witness. Ira David Ashley, on whose behalf Schaefer allegedly made the bribe, was arrested for trafficking in cocaine. The prosecution, by injecting expert testimony about cocaine use, needlessly and prejudicially allowed the jury an opportunity to draw irrelevant inferences. We hold that this improper, prejudicial testimony was not harmless error, and also warrants reversal.

Schaefer next assigns as error the trial judge's refusal to allow him 16 per-

emptory challenges. At the time of the alleged offense, RCr 9.40 entitled the defense to a maximum of 16 peremptory challenges. On the date of trial, RCr 9.40 had been amended reducing the maximum number to nine. Schaefer contends that the time of the offense governs the applicable rule at trial, and to hold otherwise would violate the constitutional prohibition against ex post facto laws. We disagree.

RCr 9.40 relates solely to court procedure and its general goal is merely to make the administration of justice simple, fair, and expedient. It was not adopted with the purpose or effect of materially altering the rights of an accused. This case is quite unlike *Commonwealth v. Brown*, Ky., 619 S.W.2d 699 (1981), where the abolition of a rule of criminal procedure embodying the accomplice rule of evidence after the crime was committed would have enabled the Commonwealth to convict with less evidence than previously required.

Moreover, in *Walston v. Commonwealth*, 55 Ky. 15 (1855), a statute giving the prosecution more peremptory challenges than was available at the time of the offense was held constitutional despite arguments similar to those raised by Schaefer. We, therefore, hold that the trial judge properly applied RCr 9.40 as amended.

■ As we have indicated, Schaefer's defense was that his payment of $500 to Young resulted from conduct by Young that constituted extortion or coercion, which is a defense to the charge of bribing a public servant. KRS 521.020(2). The trial court, however, refused to instruct on the defense.

The most formidable argument advanced by the Commonwealth is that Schaefer was being tried under KRS 524.020 (for bribing a *witness*), not under KRS 521.020 (for bribing a *public servant*), and that KRS 524.020 does not contain the defense of extortion or coercion as provided by KRS 521.020(2), hence the trial court was correct in not presenting the issue in the instructions. Although Schaefer actually was indicted on *both* of these charges, the Commonwealth elected to try him under KRS 524.020.

Technically, therefore, the defense allowed by KRS 521.020(2) is not applicable.

We have considered whether the defense really ought to apply in a prosecution under KRS 524.020 if the person alleged to have been bribed or offered a bribe was in fact a public servant at the time. Our conclusion is that there is no valid reason why it should. The defense provided by KRS 521.020 is designed for the situation in which members of the public are preyed upon by avaricious public officials whose services they are entitled to have but may not be able to get without passing along an extra sweetener on the side. In the usual case the corrupt official is able to obstruct or delay a transaction to the point that it almost becomes a business necessity to pay him off. In that instance the law indulges the unfortunate victim who has been shaken down. Bribing a witness, however, is another matter. It reaches into the heart of the judicial process, and it cannot be tolerated under any circumstances. Certainly it does not make any difference whether the witness who attempts to shake down a litigant is or is not a police officer or public servant of some kind. In any event, the legislature did not see fit to say so, and we are unable to find any compelling reason to imply the defense into KRS 524.020.

The decision of the Court of Appeals and the judgment of the Jefferson Circuit Court are reversed and the case is remanded to the Jefferson Circuit Court for a new trial.

All concur except STERNBERG, J., who did not sit.