**William Lynn RELEFORD, Appellant,**

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

**92–SC–708–DG.**

Supreme Court of Kentucky.

Sept. 2, 1993.

Richard Clay, Danville, for appellant.

Chris Gorman, Atty. Gen., Laura Early, Asst. Atty. Gen., Crim. Appellate Div., Frankfort, for appellee.

SPAIN, Justice.

The appellant, William Lynn Releford, was convicted by a jury in the Mercer Circuit Court of trafficking in or transfer of cocaine and was sentenced to imprisonment for five years. He appealed the judgment to the Court of Appeals, which affirmed. We granted review to consider whether the trial court committed reversible error for allegedly improperly admitting "investigative hearsay." We likewise affirm.

A brief recitation of the facts is necessary in order to put in context the testimony complained about.

Detective Ronnie Ray of the Drug Enforcement and Special Investigations Division of the Kentucky State Police was investigating drug activity in Mercer County in March of 1989. Informant John Francis agreed to assist and, on March 30, was wired with a transmitter. That evening, Francis went to the appellant's trailer to attempt to make a controlled buy of cocaine from him. Appellant came out of his trailer and sat down in Francis' car. Detective Ray monitored and tape-recorded the conversation. The appellant stated that the sale would not be a problem, and began discussing price, quantity, and quality. A subsequent meeting time and place were arranged.

During the course of the next several hours, the informant and the appellant met together a number of times, but no sale was consummated. In addition, several other people also under investigation for drug activity showed up at one of the meetings. Detective Ray, Detective Williams, and informant Francis later became alarmed that perhaps the appellant or the others had become aware that Francis was an informant, so a decision was made to remove the electronic monitoring device from the informant's person and to terminate the surveillance for that evening. Later Francis advised the detective that the appellant had contacted him again and set up the cocaine transaction for the next day.

The following day, informant Francis phoned the detectives and advised them that the appellant had shown up as planned and sold him the cocaine. Francis then met the officers and turned the evidence over to them. Francis was not wearing the listening device at the time of the actual sale of drugs.

The specific objection of the appellant was to the proffered testimony of Detective Ray and Detective Williams as to the fact of and reason for their removal of the "eavesdropping device" from informant Francis on the evening of March 30. Appellant characterizes this testimony as "investigative hearsay" and complains that, by admitting this testimony, the trial court bolstered and lent credibility to the testimony of informant Francis at the expense of the credibility of appellant.

We agree with the Court of Appeals that this testimony "... can in no way be construed as hearsay, simply because there was no extrajudicial statement relayed to the court...." Even if there had been, such a statement still would not have been considered hearsay unless it were offered to prove the truth of the matter asserted. KRE 801(c). Lawson's *Kentucky Evidence Law Handbook*, § 8.05 (3d Edition 1993).

The practice of some prosecutors in attempting to create an exception to the hearsay rule under the label "investigative hearsay," whereby out-of-court statements taken during an investigation are repeated in court by a law officer for the *real* purpose of asserting the truth of the statement, was condemned in *Sanborn v. Commonwealth*, Ky., 754 S.W.2d 534, 541 (1988). There the court said:

> Prosecutors should, once and for all, abandon the term "investigative hearsay" as a misnomer, an oxymoron. The rule is that a police officer may testify about information furnished to him only where it tends to explain the action that was taken by the police officer as a result of this information *and* the taking of that action is an issue in the case. Such information is then admissible, not to prove the facts told to the police officer, but only to prove why the police officer then acted as he did. It is admissible *only if* there is an issue about the police officer's action. (Emphasis in original.)

*Sanborn* also explains why it is permissible for an officer under proper circumstances to relate an extrajudicial statement made to him "not to prove the fact ... [asserted] but rather to explain the basis for" the action subsequently taken by the police officer. Citing *Manz v. Commonwealth*, Ky., 257 S.W.2d 581 (1953). As stated in *Sanborn*, p. 541:

> The fundamental premise underlying the use of such testimony is not the admissibility of "investigative hearsay" but the "verbal act" doctrine:

> "This is not hearsay evidence; it is not admitted for the purpose of proving the truth of what was said, but for the purpose of describing the relevant details of what took place. *Preston v. Commonwealth*, Ky., 406 S.W.2d 398, 401 (1966)."

In the case at hand, for example, Detective Ray could have testified that informant Francis had told him on the evening of March 30 that he was alarmed by the presence of other people since it might mean that he had been discovered to be an informant. This would explain why the detective took the action of removing the "wire" or transmitter, regardless of whether what Francis had told him was true or not. The admissibility would have been pursuant to the "verbal act" doctrine.

Here, however, the appellant objects only to the testimony of the officers as to the fact that they did remove the transmitter on the evening of March 30, thus explaining why informant Francis was not wearing it on the morning of March 31 when he made the cocaine "buy" from the appellant. There was no basis for such an objection, and the trial judge correctly overruled it. The Commonwealth certainly had the right to inform the jury through testimony as to the circumstances surrounding the removal of the transmitter before the drug transaction, especially since the jury had heard the tape recording from the previous evening when the informant and the appellant had preliminarily discussed the proposed drug sale.

The decision of the Court of Appeals and the judgment and sentence of the Mercer Circuit Court are affirmed.

BURKE, Special Justice, and LAMBERT, REYNOLDS and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., and LEIBSON, J., concur in results only, on grounds of harmless error, because the informant had already testified without objection about the wiring occurring on the day before.