Jimmie Lee DANIEL, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 94–SC–163–MR.

Supreme Court of Kentucky.

Aug. 24, 1995.

Kathleen Kallaher, Pike & Schmidt Law Office, PSC, Shepherdsville, for appellant.

Chris Gorman, Attorney General, Laura Early, Assistant Attorney General, Criminal Appellate Division, Frankfort, for appellee.

## OPINION

STUMBO, Justice.

This appeal arises from the judgment of conviction of Jimmie Lee Daniel for two counts of first-degree rape, for which he received thirty years on each count to run consecutively. Appellant appeals to this Court as a matter of right.

Appellant was charged with two counts of rape of his daughter, E.D., from approximately February 21, 1993, to March 15, 1993. Appellant raises four issues on appeal.

First, Appellant asserts that the trial court erred in admitting prejudicial evidence of bad acts of Appellant. In addition, appellant argues that no reasonable notice pursuant to KRE 404(c) was given to the Appellant of the Commonwealth's intention to offer such evidence.

The testimony in question consists of testimony by both T.W., the first-cousin of E.D., and A.D., the sister of E.D., who were allowed to testify concerning other bad acts of Appellant.

*Notice of the Testimony of T.W.* On July 8, 1993, the first day of trial, the Commonwealth called T.W., the first cousin of E.D., to testify. Appellant objected because the Commonwealth failed to give reasonable pretrial notice to Appellant of its intention to offer such evidence pursuant to KRE 404. The trial judge overruled the objection on the grounds that Appellant had received a copy of the police report that listed T.W. as having been interviewed.

■ T.W. testified that she personally observed sexual activity between E.D. and Appellant, and E.D. and Gary Williamson. T.W. also testified that she had also been subjected to sexual intercourse by Appellant and Gary Williamson.

KRE 404(c) provides as follows:

Notice Requirement. In a criminal case, if the prosecution intends to introduce evidence pursuant to subdivision (b) of this rule as a part of its case in chief, it shall give reasonable pretrial notice to the defendant of its intention to offer such evidence. Upon failure of the prosecution to give such notice the court may exclude the evidence offered under subdivision (b) or for good cause shown may excuse the failure to give such notice and grant the defendant a continuance or such other remedy as is necessary to avoid unfair prejudice caused by such failure.

In *Gray v. Commonwealth*, Ky., 843 S.W.2d 895 (1992), this Court held that "[e]ven in cases where evidence of prior uncharged criminal activity between the defendant and third persons is admissible, fundamental fairness dictates, and we hold, that the defendant is entitled to be informed of the names of the non-complaining witnesses and the nature of their allegations so far in advance of trial as to permit a reasonable time for investigation and preparation." *Id.* at 897.

■ According to the Commonwealth, the police report made available to Appellant through discovery indicated that the Commonwealth spoke to all the children, putting Appellant on reasonable notice of T.W. as a potential witness and eye-witness. We disagree. A police report alone does not provide reasonable pretrial notice pursuant to KRE 404(c).

As a result, we must reverse the conviction of Appellant and remand for a new trial.

*Notice of the Testimony of A.D.* On Tuesday, December 7, 1993, the date scheduled for trial to begin, the Commonwealth delivered written notice of its intention to use other bad acts of Appellant. The notice read as follows: "Pursuant to Rules of Evidence 404(b), the Commonwealth hereby notifies the defendant that they will be soliciting testimony from [E.D.], regarding other bad acts that defendant, Jimmy [sic] Daniel, committed with [A.D.]." In responding to the objection concerning the testimony of A.D., the Commonwealth stated that "it is correct that I had this Friday last. I should have done this notice yesterday. This was simply an oversight by me. I've got it and dis-

cussed it with Trooper Bowman that he had to make a notice. I don't have an explanation." Defense Counsel asked for suppression of the evidence. Instead, the judge granted a continuance for one day. On December 8, 1993, defense counsel argued that A.D.'s testimony should not be admissible. A.D. testified that Appellant forced her to have intercourse.

In addition, relying on the other bad acts testimony of T.W. and A.D., the prosecutor stated in his opening argument that he would present evidence concerning the sexual activity of essentially two daughters of Appellant and their first cousin. The prosecutor continued stating, "The testimony will indicate to you and show that over a period of time ... these girls were subjected to sexual activity." Defense Counsel objected. The objection was overruled.

A question exists concerning whether Appellant expressly objected to the testimony of A.D. on the grounds set forth in this appeal. Due to the Court's reversal of the conviction on the first issue of appeal, this Court will not determine whether the notice concerning A.D. was sufficient pursuant to KRE 404(c).

*Admissibility of Testimony of T.W. and A.D.* In addition, Appellant argues that the testimony of T.W. and A.D. concerning other bad acts of Appellant were inadmissible. After an examination of the record, the record is unclear whether the trial court conducted a proper examination pursuant to *Drumm v. Commonwealth,* Ky., 783 S.W.2d 380 (1990). As a result, this Court shall refrain from deciding whether the judge abused his discretion in allowing T.W. and A.D. to testify concerning other bad acts. On retrial, an examination of the admissibility of the testimony of A.D. and T.W. concerning other crimes, wrongs, or acts should be conducted utilizing the *Drumm* inquiry.

Pursuant to KRE 404(b):

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible:

(1) If offered for some other purpose, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident; or

(2) If so inextricably intertwined with other evidence essential to the case that separation of the two (2) could not be accomplished without serious adverse effect on the offering party.

As this Court stated in *Bell v. Commonwealth,* Ky., 875 S.W.2d 882 (1994), "trial courts must apply the rule cautiously, with an eye towards eliminating evidence which is relevant only as proof of an accused's propensity to commit a certain type of crime." *Id.* at 889.

The burden is on the Commonwealth to establish a "proper basis before admitting evidence of collateral criminal activity, including a need for such evidence, and that its probative value outweighs its inflammatory effect." *Drumm,* 783 S.W.2d at 381. In addition, defense counsel "should delineate what evidence is being objected to and why." *Id.* Inquiries into relevance, probativeness, and prejudice provide a useful framework for determining the admissibility of other crimes, wrongs, or acts. *Id.* Accordingly, the trial judge should consider the following:

One—Is the evidence relevant for some purpose other than to prove criminal predisposition of the accused?

. . . .

Two—Is proof of the other crime sufficiently probative of its commission to warrant introduction of the evidence against the accused?

. . . .

Three—Does the probative value of the evidence outweigh its potential for prejudice to the accused?

*Id.* (quoting Robert Lawson, *The Kentucky Evidence Law Handbook* § 2.20 at 42–43 (2d ed.1984)). The trial court must scrutinize the Commonwealth's basis for admitting the evidence utilizing the *Drumm* inquiry. "A ruling based on a proper balancing of prejudice against probative value will not be disturbed unless it is determined that a trial court has abused its discretion." *Bell,* 875 S.W.2d at 890.

As stated above, on retrial, an examination of the admissibility of the testimony of A.D. and T.W. concerning other crimes, wrongs, or acts should be conducted utilizing the *Drumm* inquiry.

*Testimony of J.D.*: J.D., the brother of E.D., testified for the defense that Gary Williamson raped E.D. in the back of a pickup truck camper. On cross examination, the Commonwealth elicited testimony from J.D. that J.D. was beating on the glass between the camper and the truck, hollering at his mother and Appellant to try to get help for E.D., but they did not stop the truck until much later. Upon stopping the truck, they removed E.D. from the back of the truck to the front of the truck. The incident was never reported. Based upon the above testimony, the Commonwealth stated in his opening argument that "[t]he evidence will show that Jimmie Daniel knew and condoned another person, a male, an adult, having sexual intercourse with [E.D.] and never made any objection to it."

On retrial, the admissibility of testimony concerning allegations that Appellant knew and condoned the rape of his daughter by another man should also be examined utilizing the *Drumm* inquiry outlined above.

Second, Appellant claims that the trial court erred when it allowed inadmissible hearsay testimony. The Commonwealth called as its first witness Detective Steve Bowman. Over the objection of Appellant, Detective Bowman testified that in an interview with E.D., E.D. stated that she had been raped by Appellant and Gary Williamson.

This Court stated in *Sanborn v. Commonwealth*, Ky., 754 S.W.2d 534 (1988), as follows:

> The rule is that a police officer may testify about information furnished to him only where it tends to explain the action that was taken by the police officer as a result of this information *and* the taking of that action is an issue in the case. Such information is then admissible, not to prove the facts told to the police officer, but only to prove why the police officer then acted as

he did. It is admissible *only if* there is an issue about the police officer's action.

*Id.* at 541.

■ After a review of the record, we can find no indication of any issues concerning the actions of Detective Bowman in this case. While the statements of E.D. and A.D. may in part explain why Detective Bowman took E.D. into protective custody, his taking of that action was not an issue in the case as required by *Sanborn v. Commonwealth*, 754 S.W.2d 534, and *Bussey v. Commonwealth*, Ky., 797 S.W.2d 483 (1990). Thus, the testimony was inadmissible. Prejudicial error having been shown, we reverse on this issue.

Third, Appellant claims that the trial judge erred in denying the Appellant's motion for a directed verdict on the grounds that there was insufficient evidence that the victim was under twelve years of age. The victim testified that her date of birth was February 26, 1981. The indictments charged Appellant with two counts of first-degree rape against a victim who was under the age of twelve. The charges stem from acts alleged to have occurred sometime during a three-week period in 1993. E.D.'s birthday fell between the dates set forth in the indictment.

■ After a review of the record, this Court finds this issue is not properly preserved for appellate review. The sole ground in seeking a directed verdict given by Appellant was that the prosecution had asked leading questions. Pursuant to CR 50.01 "[a] motion for directed verdict shall state specific grounds therefor." *See also, Jackson v. Commonwealth*, Ky., 670 S.W.2d 828, 832 (1984), *cert. denied*, 469 U.S. 1111, 105 S.Ct. 791, 83 L.Ed.2d 784 (1985).

Fourth, Appellant asserts that his due process rights pursuant to KRS 532.055(2) were violated because the penalty phase instructions were devoid of an instruction for the jury to recommend whether the two counts should run concurrently or consecutively. Due to this Court's reversal of the conviction and remand for a new trial, we need not address the alleged penalty phase error.

For the reasons set forth above, this Court reverses the convictions of Appellant and

remands for a new trial consistent with this opinion.

STEPHENS, C.J., and LAMBERT and LEIBSON, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion, in which REYNOLDS, J., joins.

FUQUA, J., not sitting.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from the Majority Opinion because the defendant received a fundamentally fair trial. This Court should not substitute its view of the procedures for that of the trial court in the absence of an abuse of discretion. There was no abuse of discretion.

Daniel was charged with two counts of rape of his daughter from approximately February 21, 1993 to March 15, 1993. The victim testified that she had been raped by her father and her uncle. Her father denied ever raping or molesting the victim. The victim's cousin testified that she saw the father and daughter having sexual intercourse. This appeal followed the conviction of the father.

The trial judge did not commit reversible error or abuse his discretion in permitting the testimony of the victim's sister and the victim's cousin. Daniel was not denied due process of law as a result of the testimony. Daniel argues that he was not given reasonable notice prior to trial.

The record shows that at a pretrial conference on December 7, 1993, the prosecution gave notice pursuant to KRE 404(b) that it intended to use the testimony of other bad acts that had been committed with the victim and her sister. The prosecution indicated that the victim's sister had been in foster care and had only recently come forward to her foster mother about her rape. The defense counsel said that an additional day would help him prepare by interviewing the witness. On the following day, defense counsel stated that he had interviewed the victim's sister, but that he objected to her testimony because she was not specific, and he claimed she was not qualified to testify. The trial court overruled defense counsel's motion.

The notice given to the defendant in this case is far more specific than that denounced by the majority in *Gray v. Commonwealth*, Ky., 843 S.W.2d 895 (1992). There is no showing that fundamental fairness was abused. The majority opinion simply disagrees with the ruling by the trial judge and therefore summarily overrules the trial judge without an adequate legal basis. The majority substitutes its view of the situation for that of the trial judge. I believe the trial court ruled properly. The admission of evidence should remain in the sound discretion of the trial judge and should not be disturbed by a reviewing court in the absence of a showing of abuse of discretion. There was no abuse of discretion in this case, because the defendant had sufficient notice.

*Phillips v. Commonwealth*, Ky., 679 S.W.2d 235 (1984), held that where evidence of other crimes is admitted into evidence, a reviewing court must consider all the evidence to determine if the accused has been unduly prejudiced. The victim's cousin, who was 14 years-of-age at the time of trial, testified that she had observed the father engage in sexual intercourse with the victim. She also stated that she had sexual intercourse with both the defendant and her own father.

*Lear v. Commonwealth*, Ky., 884 S.W.2d 657 (1994), held that when the acts in question show such a well-defined, continuous pattern of conduct, they are admissible. In this case, the evidence indicates a well-defined, continuous pattern of conduct. Here all the victims were young females, daughters or nieces of the accused, who were living in or visiting his home and under his control. There is no issue of remoteness because the rapes occurred within a 30–day period. The requirements of *Lear, supra,* were satisfied and the evidence was properly admitted.

The trial judge properly admitted into evidence the testimony of the detective because it was offered to show that he took the statement, placed the victim in protective custody and ordered a physical examination, not for the proof of the matter asserted. The officer is permitted to testify as to what

the victim said to him and what actions he took as a result thereof under the verbal acts doctrine. *Cf. Releford v. Commonwealth*, Ky., 860 S.W.2d 770 (1993).

Reliance on *Bussey v. Commonwealth*, Ky., 797 S.W.2d 483 (1990), is misplaced. Here only one detective testified as to what he was told and the action he took. The victim said she was raped by both Daniel and her uncle. I do not believe the testimony unduly bolstered her statements and does not amount to a *Bussey, supra*, error where four officers testified. The alleged error was not prejudicial to Daniel.

The victim testified as to the rapes and that is sufficient. The uncorroborated testimony of the victim is enough to sustain a conviction for rape, sodomy or sexual abuse. *Dyer v. Commonwealth*, Ky., 816 S.W.2d 647 (1991). The error, if any, in the admission of the detective's testimony would be nonprejudicial. *Abernathy v. Commonwealth*, Ky., 439 S.W.2d 949 (1969).

I would affirm the judgment of conviction.

REYNOLDS, J., joins in this dissent.