**Link R. OWENS, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

**No. 96–SC–381–MR.**

Supreme Court of Kentucky.

Sept. 4, 1997.

Elizabeth A. Shaw, Richmond, for Appellant.

A.B. Chandler, III, Attorney General, Samuel J. Floyd, Jr., Assistant Attorney General, Criminal Appellate Division, Frankfort, for Appellee.

LAMBERT, Justice.

Appellant, Link R. Owens, was charged with first degree assault for the stabbing of Teddy R. Williams and as a second degree persistent felony offender. Appellant pled not guilty and was tried in the Knox Circuit Court. After a two day trial, the jury found appellant guilty and sentenced him to twenty years for first degree assault with enhancement to twenty-five years as a PFO. Appellant appeals to this Court as a matter of right and raises only one issue.

Appellant argues that the trial court erred when it allowed two police officers, James Gray and Pat Olfen, to give hearsay testimony which bolstered the victim's testimony and invaded the province of the jury. Officer Gray, of the Barbourville Police Department, testified that when he arrived at the scene of the assault, Teddy Williams was on the floor and bleeding badly. When Officer Gray asked Williams who had attacked him, Williams identified appellant as one of the assailants. Officer Olfen testified similarly stating that he overheard Williams identify appellant as one of his attackers. At trial, the victim Williams, testified that appellant was one of his attackers and that he had told this to the police on the evening of the crime. He was cross-examined as to his account of what transpired.

Appellant relies on *Carter v. Commonwealth*, Ky., 782 S.W.2d 597, 600 (1989), quoting *Sanborn v. Commonwealth*, Ky., 754 S.W.2d 534 (1988), as follows:

[b]ackground information supplied to a police officer may be admissible under the "verbal act" doctrine in circumstances where it has a "proper hearsay use" to explain the action subsequently taken by the police officer.... Otherwise, as with any other witness, the officer may only repeat hearsay when to do so conforms with a recognized hearsay exception.

It is his contention that the testimony of the two police officers in this case was not offered to explain the officers actions and that it fits into no other hearsay exception. In support of this contention, appellant cites numerous Kentucky cases in which convictions were reversed when police officers were allowed to testify as to hearsay statements which did not go to explaining the actions of the officers and which bolstered other testimony. See *Daniel v. Commonwealth*, Ky., 905 S.W.2d 76 (1995); *Johnson v. Commonwealth*, Ky., 864 S.W.2d 266 (1993); *Bussey v. Commonwealth*, Ky., 797 S.W.2d 483, (1990); and *LaMastus v. Commonwealth*, Ky.App., 878 S.W.2d 32 (1994).

Although appellant makes a thoughtful argument, it fails to overcome KRE 801A(a)(3) which allows as an exception to the hearsay rule statements "of identification of a person made after perceiving the person" but only if "the declarant testifies at the trial or hearing and is examined concerning the statement." A well-regarded Kentucky case directly on point is *Preston v. Commonwealth*, Ky., 406 S.W.2d 398 (1966), wherein the trial court permitted a witness to testify as to prior statements of identification of the defendants by two individuals who had witnessed the commission of the offense. Upon review, we held that a prior statement of identification may be verified by one who heard the state-

ment, so long as the identifier appears as a witness and is available for cross-examination. *Preston* further explained that after the person who made the identifying statement has appeared as a witness and testified that the statement is true, the only question then is whether he made the statement and as to that question, the trier of fact has all the witnesses who are needed and also has benefit of cross-examination.

Once a witness is allowed to testify that he made an identifying statement, further proof by other witnesses that he did in fact make it is just as relevant and competent as would be defensive proof to the effect that he did not make it.

*Id.* at 403.

In this case, after the victim had testified that he made the out-of-court identification of appellant, the Commonwealth was entitled to introduce the hearsay statements of the police officers to corroborate the fact of the prior out-of-court identification. *Brown v. Commonwealth,* Ky.App., 564 S.W.2d 24 (1978). Such corroborating testimony does not substitute the credibility of the corroborating witness for that of the fact witness on essential matters. To determine whether the underlying facts are as asserted, the trier of fact must rely on the identifying witness. As *Preston* reasoned, corroboration is entirely proper to prove that at a former time, without the suggestion of others who might have influenced his recollection, the witness recognized and declared the accused to be the person who committed the act.

For the foregoing reasons, the judgment of the Knox Circuit Court is affirmed.

All concur.