**Anita M. CASTLE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 1998–CA–003048–MR.**

Court of Appeals of Kentucky.

Oct. 27, 2000.

Discretionary Review Denied
June 7, 2001.

---

Christopher F. Polk, Louisville, KY., for appellant.

A.B. Chandler, III, Attorney General, Michael G. Wilson, Assistant Attorney General, Frankfort, KY., for appellee.

Before COMBS, JOHNSON and McANULTY, Judges.

## OPINION

JOHNSON, Judge.

Anita M. Castle has appealed from the judgment of the Johnson Circuit Court that convicted her of trafficking in a controlled substance within 1,000 yards of a school[1] and sentenced her to prison for one year. Castle concedes that she failed to object to certain testimony by a police officer that she claims was inadmissible hearsay, but she contends she is entitled to a new trial under the palpable error rule.[2] While we agree that the testimony concerning Castle having trafficked in marijuana was inadmissible hearsay, we do not believe that a manifest injustice has resulted from the error. Hence, we affirm.

Castle was indicted on January 20, 1998, by the Johnson County Grand Jury for allegedly trafficking in a controlled substance (marijuana) within 1,000 yards of the Paintsville Elementary School on December 6, 1995. At the jury trial held on October 12, 1998, the Commonwealth's evidence included the testimony of Kentucky State Police (KSP) Detective Jeff Mayberry; the testimony of a paid informant, Bill Stacy; testimony of a chemist from the crime lab; and two tape recordings. Castle did not call any witnesses. The jury convicted Castle and recommended a one-year prison sentence, which the trial court imposed on December 7, 1998. This appeal followed.

Castle raises only one issue on appeal. She claims, under RCr 10 .26,[3] that the admission of Det. Mayberry's testimony concerning her having trafficked in marijuana constituted palpable error. She contends that the palpable error affected her substantial rights and that a manifest injustice occurred.

Det. Mayberry testified as the Commonwealth's first witness and stated that his responsibilities as a detective for the Kentucky State Police included investigating drug cases in the eastern part of Kentucky. He testified that he knew Bill Sta-

1. Kentucky Revised Statutes (KRS) 218A.1411.

2. Kentucky Rules of Criminal Procedure (RCr) 10.26. *See also* Kentucky Rules of Evidence (KRE) 103.

3. RCr 10.26 provides:

A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

cy as a paid informant for the KSP who lived in Johnson County. In reference to Stacy, he stated, "[A]t times he would introduce me to people that were targets of the drug investigation we were conducting up here. Sometimes he would make drug purchases from the perpetrator or he would introduce me to them to make a drug purchase."

The following testimony from Det. Mayberry is at the center of this appeal:

Assistant Commonwealth's Attorney Brian Sergent:

Q 8 When we refer to you as the controlling officer, could you explain to the Ladies and Gentlemen of the Jury exactly how you control the situation or what safeguards you take to control the situation?

Det. Mayberry:

A Yes sir, The . . . when using a confidential informant we instruct them . . . we develop intelligence on persons that [are] suspected of trafficking in drugs in whatever area we're working and in this case it was Johnson County. We had information that Ms. King, seated there, was trafficking in marijuana from the, I believe it was the El Rancho Apartments here in Paintsville.[4]

Castle argues, and the Commonwealth does not disagree, that the testimony from Det. Mayberry was inadmissible hearsay. Our Supreme Court in *Gordon v. Commonwealth,*[5] clearly held that allowing such testimony over the objection of the defendant constituted reversible error. While in many respects *Gordon* is similar to the case *sub judice, Gordon* has the significant distinction of the evidentiary error having been properly preserved. Thus, the Court's analysis in *Gordon* did not involve the palpable error rule.

In *Gordon,* the police were also using a paid informant to make a controlled drug buy from a suspected dealer. The informant "had been 'wired' with a tape recorder [, but] this device essentially failed and produced a tape recording of poor quality. As such, the evidence at trial was hotly disputed." The informant "testified for the Commonwealth that he had made the cocaine purchase and [Gordon], testifying on his own behalf, denied it. Jury assessment of the witnesses' credibility was crucial."[6]

The Supreme Court discussed the hearsay testimony as follows:

Appellant claims reversible error arising out of hearsay testimony given by Detective Robert Link on direct examination. The Commonwealth's first witness was Detective Link, a narcotics officer for the City of Russellville Police Department. Without objection, he testified that in the course of a county-wide investigation, he had reason to suspect appellant of drug trafficking. He was then asked how he proceeded to further

---

4. While Castle did not object to the above testimony, her objection to the next question was sustained.

> Q 8 Officer, with regards to Ms. Castle, here, the Defendant, could you explain to us how that buy occurred or what were the events that led up to the buy?
> A The . . . in this particular case, Mr. Stacy was living here in Paintsville on Sixth Street. He had met and became acquainted with several people up there who told him about Ms. King. [Ms. King and Ms. Castle are the same person.]

By Ms. Chandler: Your Honor, I object.
By the Court: Sustained.
By Mr. Sergent: Without saying what anyone told you.
By Mr. Mayberry:
(Answer Cont.) Yes. Leading up to this purchase, Mr. Stacy had come to know Ms. King.

5. Ky., 916 S.W.2d 176 (1995).

6. *Id.* at 178.

investigate appellant. In response, Detective Link replied,

> On June 4 we did what's called preliminary surveillance of the area around Sportman's Lounge at Fifth and Morgan, which we had had quite a bit of drug activity go on in that area. Mr. Gordon was suspected to be selling narcotics from the Fifth and Morgan Area.

Appellant, by counsel, objected on hearsay grounds and an extensive colloquy then ensued between counsel for the parties and the trial court. In essence, appellant claimed that the answer was based on hearsay statements and indeed, upon voir dire of the witness, established that the witness had relied in part on information from others including confidential informants. The Commonwealth contended that the testimony was not hearsay because it was not offered for the truth of the matter asserted; that it was only to show the course of the investigation. The trial court overruled the objection.[7]

In reversing Gordon's conviction and ordering a new trial, the Supreme Court cited Lawson, *The Kentucky Evidence Law Handbook*,[8] *Releford v. Commonwealth*,[9] *Sanborn v. Commonwealth*,[10] and *Hughes v. Commonwealth*.[11] The Court noted that "hearsay may be admissible to prove why the police acted in a certain manner, but not to prove the facts given to the officer" and that "such information is admissible only if there is an issue about the action of the police officer."[12]

The Supreme Court concluded:

> In the case at bar, it was not improper to admit evidence that appellant had become a suspect in the county-wide drug investigation. This avoided any implication that appellant had been unfairly singled out and explained why the police equipped an informant with a recording device and money with which to attempt a drug buy from appellant. The next question, however, was utterly unnecessary and unfairly prejudicial. There was no legitimate need to say or imply that appellant was a drug dealer or that he was suspected by the police department of selling drugs in a particular vicinity. Such testimony was admittedly based in part on hearsay and was thus unassailable by appellant. Admission of this evidence branded appellant a drug dealer, violated his right to confront and cross-examine witnesses, denied his right to be tried only for the crime charged, and in general, bolstered the credibility of the police informant to the point where appellant's denial of criminal conduct would have appeared preposterous.[13]

■ Based on *Gordon*, we believe the hearsay testimony from Det. Mayberry was clearly improper. If the testimony had been properly objected to and if it had still been allowed by the trial court, such a ruling would have constituted reversible error. However, we cannot conclude that this unpreserved error meets the palpable error test.

■ As our Supreme Court has stated, the requirement of 'manifest injustice' as used in RCr 10.26 (formerly RCr 9.26)[ ] mean[s] that the error must have prejudiced the substantial rights of the defendant, *Schaefer v. Commonwealth,* Ky., 622 S.W.2d 218 (1981), *i.e.,* a substantial

7.  *Id.* at 178.

8.  § 8.05 (3d ed., 1993).

9.  Ky., 860 S.W.2d 770, 771 (1993).

10. Ky., 754 S.W.2d 534 (1988).

11. Ky., 730 S.W.2d 934 (1987).

12. *Gordon, supra* at 179.

13. *Gordon, supra.*

possibility exists that the result of the trial would have been different. *Partin v. Commonwealth*, Ky., 918 S.W.2d 219, 224 (1996). One federal court has interpreted FRE 103(e), which is identical to KRE 103(e), as requiring that the error must seriously affect the fairness, integrity or public reputation of judicial proceedings. *United States v. Filani*, 74 F.3d 378 (2nd Cir.1996).[14]

In *Partin, supra*, the Supreme Court stated that "upon consideration of the whole case, the reviewing court must conclude that a substantial possibility exists that the result would have been different in order to grant relief. *Jackson v. Commonwealth*, Ky.App., 717 S.W.2d 511 (1986)." [15]

█ Based on all of the evidence in the case *sub judice*, we hold that it is not likely that without the improper testimony of Det. Mayberry that the result of the trial would have been any different.[16] While Castle contends that the Commonwealth was attempting to use the testimony of Det. Mayberry to bolster the credibility of Stacy, we do not believe that this isolated improper testimony was so persistent and prejudicial to cause a manifest injustice.[17] While "it was not improper to admit evidence that appellant had become a suspect in the county-wide drug investigation[,] . . . [t]here was no legitimate need to say or imply that appellant was a drug dealer or that [she] was suspected by the police department of selling drugs in a particular vicinity." [18] Nonetheless, we cannot conclude that this isolated improper testimony was so prejudicial as to constitute a manifest injustice. Upon consideration of the whole case, we cannot conclude that a sub-

stantial possibility exists that the result would have been any different.[19]

Accordingly, the judgment of the Johnson Circuit Court is affirmed.

COMBS, J., concurs.

McANULTY, J., dissents.

---

14. *Brock v. Commonwealth*, Ky., 947 S.W.2d 24, 28 (1997).

15. *See also Byrd v. Commonwealth*, Ky., 825 S.W.2d 272, 276 (1992).

16. *See Renfro v. Commonwealth*, Ky., 893 S.W.2d 795, 796 (1995).

17. *Cf. Schaefer, supra* at 219.

18. *Gordon, supra* at 179.

19. *Cf. Jackson, supra* at 514.